IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ALAN CRAIG,<br><br>Defendant. | Case No. 15-cv-05076-CRB<br><br>**ORDER DENYING [21] SECOND MOTION TO SET ASIDE DEFAULT, [22] MOTION TO STAY CASE** |

Defendant James Alan Craig moves for a second time to set aside the entry of default in this case. The Court denied his first motion, finding that Craig had failed to address the Falk factors, which govern such motions. First Denial Order (dkt. 18). In his second motion, Craig raises issues regarding his mental competency. See Second Mot. to Set Aside (dkt. 21). Given the Federal Rules' prohibition on entering default judgment against an incompetent person unless represented by a guardian who has made an appearance, Fed. R. Civ. P. 55(b)(2), the Court requested additional evidence (dkt. 23). While this may seem to present something of a Catch-22, Craig's apparent affliction—depression—has not appeared to affect his ability to submit evidence regarding his competency. Cf. Sirkin by Albies v. Phillips Colleges, Inc., 779 F. Supp. 751, 757 (D.N.J. 1991) (quoting Seabra v. Puritan Life Ins. Co., 117 R.I. 488, 492, 369 A.2d 652, 656 (1977)) ("The insured is not bound to give notice of his disability when he is unable to do so by reason of the very disability insured against.").

If credited, the evidence Craig submitted would establish that: (1) his depression was such that his doctors believed he was unable to participate in certain legal proceedings

in 2012; (2) he continues to be treated for depression; and (3) he granted power of attorney to another in 2008 under Scottish law, and the attorney resigned on Feb. 15, 2018. See Evidentiary Submissions (dkts. 24, 32).

The evidence tends to establish that Craig suffered from untreated depression in 2012, for which he was then prescribed medication. There is no evidence that he continues to suffer from depression (i.e., that the medications have not been effective), or that he was for any reason unable to respond to the complaint. Nor is there evidence regarding the reasons he granted power of attorney to another, or the scope of the power of attorney. Accordingly, the motions are **DENIED**. Should Craig wish to re-file his motions with additional evidence regarding the issue of his competency for the Court's consideration, he must do so by Sept. 21, 2018.

Craig is advised: (1) to please simply type any further motions in this case on a blank sheet of paper, as the Court cannot read the forms he is using; and (2) that any further evidence he submits must be accompanied by a sworn declaration attesting to their veracity under penalty of perjury.

**IT IS SO ORDERED.**

Dated: Aug. 21, 2018

CHARLES R. BREYER
United States District Judge