IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ALAN CRAIG,<br><br>Defendant. | Case No. 15-cv-05076-CRB<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT AND APPOINTING PRO BONO COUNSEL** |

On August 21, 2018, this Court issued an Order Denying Second Motion to Set Aside Default Motion to Stay Case. Dkt. 34. In that Order, this Court construed the Defendant James Alan Craig to be arguing that he is mentally incompetent and thus the default judgment against him should be set aside. See Dkt. 34. This Court granted Craig until September 21 to re-file his motions with any additional evidence regarding his competency for the Court's consideration. See Dkt. 34. Craig then filed an additional motion in which he requested that this Court permit him to submit his medical and psychiatric records under seal. Dkt. 35. This Court granted that motion. Dkt. 36. Craig then filed those documents. The Court now GRANTS Craig's Motion to Set Aside Default.

Federal Rule of Civil Procedure 60(b) permits courts to "relieve a party . . . from a final judgment, order, or proceeding" for several reasons, including, as relevant here, "excusable neglect." Fed. R. Civ. P. 60(b). The Rule 60(b) inquiry is governed by "two policy concerns." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). "First, Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied," and, "[s]econd, judgment by default is a drastic step appropriate only in extreme circumstances; a case

should, whenever possible, be decided on the merits." Id. The Ninth Circuit has instructed that:

> To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The Court finds that these factors counsel in favor of granting Craig's motion. First, the SEC contends that default would result in prejudice because "[w]ithout any presentation of which factual allegations the defendant denies or admits, or any indication of a defense he would present, the SEC's only recourse is default." Dkt. 15-1 at 3. But Craig has indicated in his post-default judgment filings that "[i]f this case is taken out of default [he is] willing to fight the case." Dkt. 28 at 5. Default, thus, is not the SEC's only recourse in this matter, and its "ability to pursue [its] claim" will not "be hindered" by setting aside the default. Falk, 736 F.2d at 463.

Second, Craig moved to set aside the default less than a month after the entry of default. See Dkt. 11, 13. Such a short time period between the entry of a default judgment and a motion to set that default aside does not justify denying relief. See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (concluding that a month delay was not long enough to deny Rule 60(b) relief).

Finally, having reviewed the sealed medical records that Craig has filed, the Court concludes that there was good "reason for the delay" and that Craig has "acted in good faith." See Ahanchian, 624 F.3d at 1261. The record indicates that Craig suffers from serious mental and physical medical conditions and that his failure to pursue this case before the default judgment is based, at least in substantial part, on these health issues.

Indeed, having reviewed the sealed medical records, the Court concludes that it is appropriate to appoint counsel for Craig. To that end, by the associated Order Referring

Litigant for Appointment of Counsel by Federal Pro Bono Project; Staying Proceeding, the Court appoints counsel for Craig.

For the foregoing reasons, the Court GRANTS Craig's Motion to Set Aside Default and appoints pro bono counsel to defendant James Alan Craig.

**IT IS SO ORDERED.**

Dated: October 5, 2018

CHARLES R. BREYER
United States District Judge